# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MYRIEL Y. GREVIOUS,
    Petitioner,

vs.

HAMILTON COUNTY CHILD SERVICES,
    Respondent.

Case No. 1:23-cv-274

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner filed a petition pursuant to 28 U.S.C. § 2254 for a Writ of Habeas against the Hamilton County Child Services. (Doc. 1). This matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the undersigned finds that it plainly appears from the petition and attached exhibits that petitioner is not entitled to relief it is recommended that the petition be dismissed.

Based on the document submitted to the Court, it appears petitioner seeks to challenge state court rulings regarding findings of "neglect, abuse, lack of adequate parental care, [and] conditions of environment." (Doc. 1 at PAGEID 1). As relief, petitioner seeks "release of children back in to Mother's custody and review of case." (*Id*. at PAGEID 15). For the reasons that follow, the petition in this action is subject to dismissal with prejudice for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* 28 U.S.C. foll. § 2254.

As an initial matter, the Court notes that child custody decisions are outside the scope of habeas jurisdiction. This Court only has jurisdiction under 28 U.S.C. § 2254 to consider habeas applications by persons "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3),

with emphasis added by the Supreme Court) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or law or treaties of the United States.'"). In this case, it appears clear from the face of the petition that petitioner's minor children are not "in custody" pursuant to the judgment of a state court. In *Lehman v. Lycoming Cnty. Children's Services Agency*, 458 U.S. 502 (1982), the Supreme Court held that children of a mother who was "simply seek[ing] to relitigate through federal habeas . . . the interest in her own parental rights" were not "in custody" within the meaning of § 2254. *Id*. at 510–11. Therefore, petitioner fails to satisfy the "in custody" requirement for federal habeas jurisdiction.

In any event, courts that have considered the issue have consistently held out of "deference to state expertise in the field of domestic relations" that the extraordinary remedy of a writ of habeas corpus is not available, and indeed would be "inappropriate," in such cases. *See, e.g., Castorr v. Brundage*, 674 F.2d 531, 535–36 (6th Cir. 1982); *see also Lehman*, 458 U.S. at 515–16 (holding that "§ 2254 does not confer federal-court jurisdiction" in cases involving child-custody disputes); *Jacobson v. Summit Cnty. Children Services Bd.*, 202 F. App'x 88, 90 (6th Cir. 2006) (relying on *Lehman* in holding that the court lacked habeas jurisdiction to review the state court's judgment involuntarily terminating parental rights) (citing *Middleton v. Attorneys General of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (noting that "the federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination"); *Amerson v. State of Iowa, Iowa Dep't of Human Services*, 59 F.3d 92, 94–95 (8th Cir. 1995) ("The state's physical custody of [the boy] has not restrained his liberty to a significantly greater extent than a parent's or foster parent's custody. The state has neither incarcerated [the boy] nor imposed penal restrictions upon him. Such

custody does not present the type of confinement for which habeas jurisdiction traditionally exists.")).

Indeed, it is well-settled that federal courts generally lack jurisdiction over domestic relations matters "even when those questions are presented in the guise of a federal question." *See Robinson v. Michigan*, No. 1:09cv564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009) (and numerous cases cited therein); *see also Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) ("[u]nder the principles of comity and deference to state expertise in the field of domestic relations," and in accordance with the court's "consistent policy," the Sixth Circuit "decline[d] to exercise jurisdiction" over claims that constituted collateral attacks on state-court judgments pertaining to child custody); *Lee v. Johnson-Wharton*, No. 1:14cv868, 2014 WL 7015178, at *4 (S.D. Ohio Dec. 11, 2014) (Dlott, J.; Litkovitz, M.J.) (relying on *Stephens* and *Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013), in holding that the district court lacked jurisdiction to consider claims couched in terms of a civil rights action, which essentially amounted to a collateral attack of a state-court judgment terminating the plaintiff's parental rights). The *Rooker-Feldman* doctrine, which generally prohibits federal district courts from entertaining appeals from cases already litigated in state court,[1] also is applicable to the extent that petitioner is complaining about state court rulings issued against her before the instant action commenced and is inviting this Court to review and reject those determinations. *See Lee*, *supra*, 2014 WL 7015178, at *3 (holding that the district court also lacked jurisdiction under the *Rooker-Feldman* doctrine to reverse the state court's decision terminating the plaintiff's parental rights).

Accordingly, in sum, because it plainly appears that this Court lacks jurisdiction to

---

[1] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

consider the petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2254, the petition should be dismissed with prejudice at the screening stage. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that this Court lacks jurisdiction to consider it.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MYRIEL Y. GREVIOUS,
   Petitioner,

vs.

HAMILTON COUNTY CHILD SERVICES,
   Respondents.

Case No. 1:23-cv-274

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).